The case will be taken under advisement. Case number three for today's arguments is Martin v. Cook County. Mr. DeRose. Good morning, your honors. John DeRose on behalf of Claudia Martin. Your honors, this is a hostile work environment case that we are bringing because we claim that management did absolutely nothing when they had knowledge of the very much harassment that Ms. Martin received as a very high union official trying to represent the other members of the adult probation department. And it was very clear by the very first letter she received that it was coming from management. We've had members of the probation hierarchy say that the chief probation officer did make the statement saying it was a new day in the probation department. The union was not going to run the probation department. Ms. Martin gets a letter like that right after an anonymous letter is sent by several probation officers whose identity could have been easily ascertained who said they were fearful because Ms. Martin was being harassed and they were afraid that they couldn't be represented and taken care of if their union hierarchy couldn't even be taken care of. We know that we have many witnesses who have testified that the chief judge had welcomed any union member who felt there was a problem to send him a letter and he would look into it and the chief probation officer said he couldn't stop anonymous letters because the chief judge had welcomed them but we have many letters and Ms. Martin always sends her letter not anonymously asking for help and we have admissions all the way up the line under oath in depositions that no one took any action to find out who was the author of these very scurrilous letters that Ms. Martin was receiving in the very end but they brought the sheriff's department in, they'd write a report, diminish these letters calling one an office prank and it only involved damage to county property never mentioning that it was Ms. Martin who was actually the victim of very hateful writing in the woman's only washroom at the adult probation department. There was so much more that could have been done, no one did anything, the sheriff's office did nothing, all the hierarchy of the adult probation department who was asked said I gave it down to the next person, I gave it down to the next person and everyone says I didn't follow up at all, no one follows up and until the very end Noreen Larson tells us oh when I checked on it I found out that the sheriff's office dismissed it as an office prank and just said it was damage to property to write that very scurrilous writing in the bathroom. As far as the writing to Ms. Martin four days after she gives a letter to explain her wearing of the head covering and by the way we gave your honors probably will notice and I do believe that it is a good Chinese proverb that a picture is worth a thousand words there were many people wearing head coverings. Ms. Martin for a long time has worn it because she is a Muslim practicing Muslim and four days after she brings a letter into the these are these are very hurtful things if any one of us found something writing like any of these on our desk or in the private washroom even of our own workers we would be very offended by it but not only offended we would be very worried and hurtful of it and so what do they offer well move you away from 26th and California if you wish she doesn't want to go away from 26th and California she's a highly regarded employee always got nothing but the most exemplary of performance evaluations and it's just they look the other way they have knowledge that all and in the case of the chief probation officer he actually inspired that very first hateful letter that Ms. Martin got when it opens up at the line the new chief has spoken it's a new day in the Cook County adult probation department. Mr. Jarosz this is Judge Brennan a question with regard to the case a number of these arguments the defendants are asserting have been forfeited what is your response to that? Judge my response is I forfeited nothing I gave all those exhibits to the judge I got 15 pages to write and you see I use a lot more pages when I'm writing for your honors in this case we only have so much room we can do we give them the we gave them the letters I gave them the testimony and directed them to the testimony where each of the defendants admit I did nothing I counted on the next person down the line to do something for me and we gave them we gave his honor the the police report both of them very de minimis police uh calling this uh criminal damage to county property rather than the real hateful graffiti that was written uh on that bathroom wall uh no one even looked into and as your honor probably knows that 26 feet is home you have three minutes left judge I want to stop then because I might need some of that to talk all right thank you Mr. Dubrovnik. Thank you. Ms. Honingford. Good morning and may it please the court Megan Honingford for Cook County and the individual defendant. Plaintiff's claims seek to hold someone responsible for what she sees as the poor treatment she's experienced. The decision of the district court should be affirmed for four reasons. First plaintiff did not experience any deprivation that was likely to deter her free speech. Second even if she did experience a deprivation her protected speech was not a motivating factor. Third because she failed to identify any Cook County policies or practices that would establish liability. And finally because Cook County is not plaintiff's employer and cannot be directly liable for her title 7 claim. Looking first to the individual plaintiff's sole claim is a count of 1983 free speech retaliation and the decision to grant summary judgment in the individual's favor should be affirmed because plaintiff could not establish a prima facie case of first amendment retaliation. Plaintiff identified her union activity as the sole protected speech that forms the basis of her first amendment claim. The individual's response to the mistreatment plaintiff received from her co-workers was not a deprivation likely to deter plaintiff's free speech or her union activity. Plaintiff's motion for summary judgment identified only one action that was the basis of her claim and that was the January 2015 anonymous anti-union note. But even considering all of the incidents that plaintiff identifies none of the actions of the individuals amounted to deprivation. The individuals took the appropriate steps to investigate and address the treatment plaintiff was being subjected to by her co-workers or by most importantly plaintiff's ability to conduct her union business was never restricted. And in addition plaintiff cannot use a 1983 claim to assign personal liability to the individual for the actions of her co-workers. Plaintiff has no evidence that the individuals were connected to any of the anonymous notes and in fact she stated that she does not believe defendant LeVon Haywood actually left the anti-union note. There's no evidence connecting the individuals to any of the treatment plaintiff received and without establishing any personal involvement plaintiff's claims fail. And moving on to the final element of the Prima Facie case if plaintiff did successfully identify any deprivation that was caused by the individuals her claims would still fail as the evidence does not show that her union activity was the motivating factor behind any of the individuals actions. Plaintiff doesn't present any direct or circumstantial evidence that her union involvement was a sufficient condition for her suspension and the individuals have presented abundant evidence that plaintiff would have been would have been suspended regardless of her union activity. And moreover plaintiff had been involved with the union for almost 10 years by the time any of the alleged retaliation happened. So for her union activity to be a motivating factor plaintiff would have to show that as long as she conducted union activity a deprivation such as her suspension was bound to occur. But it doesn't stand to reason that the individuals would all of a sudden retaliate against plaintiff for something she'd been doing for years and that they would discipline a non-union employee in relation to the same incident. So turning briefly to Cook County the plaintiff's claims fail because Cook County is a distinct entity from the office of the chief judge and plaintiff does not identify any policies or practices of of the county that would establish liability. And she cannot establish title 7 liability directly as the county is not plaintiff's employer. So therefore the district court's decision granting summary judgment for Cook County was correct and should be affirmed. So because plaintiff cannot meet two of the three elements of her prima facie claim and she has not shown a basis for her claims against Cook County and if the court has no questions. Ms. Honeyford you have one minute left. If the court has no questions then we would ask that the district court's decision to grant summary judgment in favor of the county and the individual should be affirmed. Thank you. Thank you. Mr. Huzza. Good morning your honors. May it please the court counsel Richard Huzzack assistant attorney general representing the office of the chief judge of the circuit court of Cook County Illinois. And I urge the courts to affirm the district court's entry of summary judgment against the plaintiff Claudia Martin on her two claims against the office of the chief judge which are her religious discrimination claim based upon alleged anti-Muslim animus and second her retaliation claim under title 7 alleging that she suffered her 15 day suspension and other adverse consequences motivated by a desire to complain about religious discrimination against her. If the court has questions about the forfeiture issue I'd be glad to answer them otherwise I think they're fairly addressed in our brief and this is sort of a unique case I think in this court where the district court made an express finding a forfeiture based upon this court's precedent about not responding to summary judgment arguments and I think that that finding is subject to an abuse of discretion standard of review certainly the circuit second circuit has so held and we urge the court to adopt the same standard which makes sense logically and to respect the role of that court and its function in the adjudication process. But the the plaintiff seems to have veered completely away from the in oral argument the 15 day suspension and now seems to be focusing entirely on the hostile work environment matter but I think the 15 day suspension was the focus of the court the district court's decision on the retaliation aspect of the retaliation claim that the plaintiff had not forfeited and essentially said that there was overwhelming evidence to support the conclusion that the the head of the department's reasons for disciplining her were amply justified by the facts overwhelming evidence that she had was evasive and made false statements about what happened outside the courtroom of the the rap artist that she went to the probation violation hearing for even though he wasn't in her caseload she falsely denied going into the courtroom she artists associate her cell phone all of those reasons are amply justified by the the the evidence provided and there is not a shred of evidence that the reason for the suspension was actually some retaliatory motive much less religious discrimination there the focus is not whether a jury might reach a different conclusion if it were the personnel department for the adult probation department the issue is whether the reasons given for that discipline were a lie a a pretext to cover up a real reason which is you know illegal retaliation or religious discrimination and there's absolutely no evidence to support that type of finding even though the plaintiff wants to call the these charges trumped up but turning to the hostile work environment issue which seems to be the focus of the plaintiff's arguments on um uh in oral arguments here um there's no doubt that there were some unfortunate incidents that happened that were unpleasant to the plaintiff and nobody's happy about that the question is whether they provide a basis for some type of intentional infliction of emotional distress claim by the plaintiff against the perpetrators but they have never been found uh or whether she can pin the office of the title seven liability for essentially uh condoning a a hostile work environment against her by virtue of these incidents and um i think the even beyond the forfeiture council you have one minute left uh thank you your honor to simply say that there were a few isolated incidents there was no pattern connected to any protected status there was the one anti-muslim note uh but that was not severe enough or certainly part of a pervasive pattern to support liability um and there's no basis to find employer liability on the ground that the employer uh did not uh discover it or respond to it adequately the suggestion by the plaintiff that it basically did nothing is absolutely untrue including with respect to the bathroom graffiti which has no connection with her religion or her charges of discrimination it was exhaustively investigated by the in-house council and simultaneously investigated by the sheriff's department the fact that they couldn't find out who perpetrated it doesn't trigger title seven liability uh then unless the court has further questions uh thank you for affirmance mr rose anything further judge just a couple of things uh the ortiz case which i cited at the end of the brief is so important here these are facts that if the jury hears them they will be uh insulted by the action taken by management decree uh to uncreate this very hostile work environment miss martin is a highly respected employee uh loved by most of her uh co-workers who i have made her now the president of the union this is a untenable situation for her and for cook county didn't say they're not the employer of her they don't tell you who is the employer she's been working for cook county your honors all these years and this is so typical of just trying to look the other way and pretend like we have no responsibility here judge that's all i have to say if the court has any questions i'll gladly answer them thank you very much counsel the case is taken under advisement